# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:23-cv-01711

**JORDAN A. LEGGETT,**
    Plaintiff,

v.

**TARGET CORPORATION, and**
**DAYTON HUDSON CORPORATION,**

    Defendants.

### NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Target Corporation ("Target"), by and through its attorneys of record, John R. Chase and Stephanie E. Boutsicaris of Montgomery Amatuzio Chase Bell Jones, LLP, respectfully submits its notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Target states as follows:

    1.    On May 26, 2023, Plaintiff Jordan A. Leggett ("Plaintiff") filed a Complaint for Damages and Jury Demand (the "Complaint") against Target in the District Court, Boulder County, Colorado, entitled *Jordan A. Leggett v. Target Corporation and Dayton Hudson Corporation*, Case No. 2023CV30378 (the "State Court Action"). **Exhibit A**, Complaint for Damages and Jury Demand.

2. As set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Target has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

3. To meet the diversity requirement of 28 U.S.C. § 1332(a), there must be "complete diversity" between plaintiff and defendant, meaning that no defendant can be from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). The diversity requirement of § 1332(a) is satisfied here, as the parties are completely diverse.

4. Plaintiff alleges that Target is a "corporation organized under the laws of the state of Minnesota authorized to do business in the State of Colorado." *See* Ex. A at ¶ 5. Target is, and was, at the time this action and the Notice of Removal was filed, a Minnesota corporation with its principal place of business in Minnesota. **Exhibit B**, Colorado Secretary of State Corporate Summary. Accordingly, Target is a citizen of Minnesota for the purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)).

5. Plaintiff names Dayton Hudson Corporation as a Co-Defendant to Target. However, Dayton Hudson Corporation is the former name of Target Corporation. The application for Target's name change was filed on March 22, 2000. **Exhibit C,** Application for Amended Authority. Thus, Dayton Hudson Corporation is not a separate legal entity from Target Corporation for purposes of removal.

6. Plaintiff contends that "at all pertinent times hereto [she] was a resident of Boulder County, State of Colorado." Ex. A at ¶ 4.

7. A comprehensive public records report from WestLaw PeopleMap lists Plaintiff's most recent address as 1173 Village Cir., Erie, CO 80516 and reports that this has been her address since January 2005. Furthermore, Plaintiff' voter registration is affiliated with the same Erie, CO address. As such, Plaintiff is domiciled in Colorado. Therefore, complete diversity among the parties existed at the time Plaintiff filed the suit in state court, and there is complete diversity among the parties at the time this Notice of Removal is filed because Target does not, and did not, share a common state of citizenship with Plaintiff. See *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo. 2000).

8. In accordance with 28 U.S.C. § 1332(b), the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. This matter arises from an alleged personal injury incident on August 29, 2021. *See,* Ex. A at ¶¶ 8-13. Plaintiff alleges that Target breached its duty to exercise reasonable care to protect Plaintiff from dangers which Defendant actually knew or should have known, thereby causing injury to Plaintiff. E.g., Ex. A at ¶ 22. Plaintiff alleges her claims against Target exceed $100,000 and seeks a judgment in excess of $100,000. **Exhibit D,** Civil Cover Sheet. Therefore, the alleged damages at issue exceed the needed amount in controversy of $75,000.

9. The Tenth Circuit Court of Appeals has found that the Civil Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the

court on a matter of significant consequence in the state proceeding . . ."); *Henderson v. Target Stores*, 431 F.Supp. 2d 1143, 1144 (D.Colo. 2006) (holding that "the civil case cover sheet falls within the term 'other paper' for determining the time within which removal papers must be filed"). Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000 is sought by Plaintiff against Target, exclusive of interest and costs. Ex. C, p. 2. Therefore, the jurisdictional amount in controversy has been met.

10. The timing for removal is controlled by 28 U.S.C. § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Target was served in Colorado on June 5, 2023. **Exhibit E**, Affidavit of Service. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because Target has filed within thirty (30) days of its service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin running until service is perfected).

11. Venue properly lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C § 1441(a) because this district embraces the place where the State Court Action is pending.

12. Pursuant to D.C.Colo.LCivR 81.1, Target represents that there are no motions pending or hearings scheduled in the State Court Action.

13. Thus, the State Court Action may be removed to this Court by Target and in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending

within the jurisdiction of the United States District Court for the District of Colorado; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14. Pursuant to 28 U.S.C. § 1446(d), Target will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the State Court Action.

15. The documents required by D.C.Colo.LCivR 81.1 and 28 U.S.C. § 1446(a) and which have been filed in this matter in the District Court for Boulder County, State of Colorado, are attached to this Notice of Removal as specifically-referenced exhibits or otherwise labeled as **Exhibit E**. The current state court docket sheet is being filed contemporaneously under separate cover. Target will also separately file each pending motion, petition, and related response if any.

16. By filing this Notice of Removal, Target does not waive any defenses that may be available to it.

WHEREFORE, Defendant Target hereby removes the above-captioned action from the District Court, Boulder County, Colorado, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully filed July 5, 2023,

        MONTGOMERY AMATUZIO
        CHASE BELL JONES, LLP

        By:  *s/ John R. Chase*
              John R. Chase
              Stephanie E. Boutsicaris

        4100 E. Mississippi Ave., 16th Floor
        Denver, Colorado 80246
        Telephone: (303) 592-6600
        jchase@mac-legal.com
        sboutsicaris@mac-legal.com

        Attorneys for Defendant Target Stores,
        a division of Target Corporation

## **CERTIFICATE OF SERVICE**

        I hereby certify that, on July 5, 2023, a true and correct copy of the foregoing document was prepared for service to the following in the manner indicated below:

*Attorneys for Plaintiff*:
Dominick M. Saia
Law Office of Dominick M. Saia, LLC
1400 Main Street, Suite 200
Louisville, Colorado 8027
nick@nicksaialaw.com

☐ U.S. Mail   ☐ Email   ☒ ECF

        *s/ Samantha Trujillo*
        Samantha Trujillo, Legal Assistant

6