| | |
|---|---|
| **DISTRICT COURT BOULDER COUNTY STATE OF COLORADO**<br><br>**Court Address and Phone Number:**<br>**1777 6th Street**<br>**Boulder, Colorado 80302**<br>**(303) 441-3750** | DATE FILED: May 26, 2023 12:26 PM<br>FILING ID: 82199C2FE1270<br>CASE NUMBER: 2023CV30378 |
| Plaintiff:<br>**JORDAN A. LEGGETT,**<br><br>vs.<br><br>Defendants:<br>**TARGET CORPORATION and**<br>**DAYTON HUDSON CORPORATION.** | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:*<br>Dominick M. Saia, Number 25154<br>LAW OFFICES OF DOMINICK M. SAIA, L.L.C.<br>1400 Main Street, Suite 200<br>Louisville, Colorado 80027 Phone:<br>(303) 665-0230<br>Fax: (720) 403-9767<br>E-Mail: nick@nicksaialaw.com | Case Number:<br><br>Division: |

### COMPLAINT FOR DAMAGES AND JURY DEMAND

Plaintiff, Jordan A. Leggett, by and through counsel, Dominick M. Saia of the Law Offices of Dominick M. Saia, L.L.C., hereby submits her Complaint for Damages and Jury Demand, as follows:

### I.   BACKGROUND

1.   This is an action for compensatory damages. Plaintiff, Jordan A. Leggett, was injured when she tripped and fell on a drastically uneven continuum between sections of the paved walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado.

2.   The Plaintiff's fall and injury occurred on August 29, 2021.

**EXHIBIT A**

## II.   JURISDICTION AND VENUE

3.      Venue in Boulder County, Colorado is proper pursuant to C.R.C.P. Rule 98(c).

## III.   PARTIES

4.      Plaintiff, Jordan A. Leggett, at all pertinent times hereto was a resident of Boulder County, State of Colorado.

5.      Defendant Target Corporation (hereinafter referred to as "Target") is a for-profit corporation organized under the laws of the state of Minnesota authorized to do business in the State of Colorado.

6.      Defendant Dayton Hudson Corporation (hereinafter referred to as "Dayton Hudson") is a for-profit corporation organized under the laws of the state of Minnesota authorized to do business in the State of Colorado.

7.      Defendants Target and Dayton Hudson owned and/or operated the Target Superstore at 400 Marshall Road in Superior, Colorado, including the walkway and sidewalk immediately outside the north exit of the store where Plaintiff was injured.

## IV.   GENERAL ALLEGATIONS

8.      Defendants, Target and Dayton Hudson, during the time Plaintiff was an invitee at the Target Superstore at 400 Marshall Road in Superior, Colorado, and at the time Plaintiff was injured had a duty to Plaintiff to take reasonable measures to ensure that the walkway and sidewalk immediately outside the north exit of the store was safe and free of a drastically uneven continuum between sections of the paved walkway and sidewalk that posed a tripping hazard to Plaintiff and resulted in her injury incident of August 29, 2021.

9.      Walkways and sidewalks for which Defendants were generally responsible included those immediately outside the north exit of the store where Plaintiff was injured.

10.     On or about August 29, 2021, Plaintiff was exiting the Target Superstore walking in a safe and cautious manner on the walkway and sidewalk outside the north exit of 400 Marshall Road in Superior, Colorado.

11.     As Plaintiff was walking on this walkway and sidewalk there was a drastically uneven continuum between sections of the paved walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado.

**EXHIBIT A**

12.     As Plaintiff was walking on the walkway and sidewalk in a safe and cautious manner she tripped on this unsafe and uneven margin between sections of the paved walkway and sidewalk, fell to the ground, and was injured.

13.     Plaintiff was utilizing one of the only walkways and sidewalks available to her in exiting the Target Superstore at 400 Marshall Road in Superior, Colorado when she was injured.

14.     The presence of an unsafe and obviously uneven continuum between sections of the paved walkway and sidewalk where Plaintiff was injured was caused by the failure of Defendant to ensure that the area was safe for Plaintiff, Defendants' invitee, and constituted a dangerous condition of which Defendant knew or should have known.

15.     Defendants at no time provided Plaintiff any warning of the dangerous condition that existed on the walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado.

16.     Plaintiff had no prior notice of the unsafe and damaged walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado.

17.     Defendants at no time limited Plaintiff's access to the unsafe and damaged walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado so that the dangerous condition could be repaired and abated.

18.     Defendants could have made the area where Plaintiff was injured safer by taking appropriate action, including, but not limited to the following:

   a.     Repairing the damaged, unsafe, and uneven walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado prior to Plaintiff's injury;

   b.     Not allowing to exist a damaged, unsafe, and uneven walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado where Plaintiff exited the Target Superstore;

   c.     Providing warning to Plaintiff of the dangerous condition that existed on the walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado where Plaintiff exited the Target Superstore;

   d.     Limiting Plaintiff's access to the walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado and offering her an alternate route while the walkway and sidewalk could be repaired, and the unsafe condition could be abated.

3

**EXHIBIT A**

## V.   CLAIM FOR RELIEF

(Premises Liability or Negligence – Defendants Target and Dayton Hudson)

19.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

20.     With regard to the area where Plaintiff was injured, Defendants, Target and Dayton Hudson were landowners, as defined by C.R.S. §13-21-115.

21.     Alternatively, if Defendants Target and Dayton Hudson were not landowners of the walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado when the dangerous condition was created or at the time Plaintiff was injured, Defendants had a common law duty to take reasonable measures to make safe the area where Plaintiff was injured.

22.     At the time of the incident, Defendants Target and Dayton Hudson breached their duty to exercise reasonable care to protect Plaintiff from dangers of which Defendants actually knew or should have known, such dangers including, but not limited to, the danger of Plaintiff tripping, falling, and injuring herself on the walkway and sidewalk outside the north exit of the Target Superstore at 400 Marshall Road in Superior, Colorado.

23.     Defendants' conduct was an unreasonable failure to exercise reasonable care to protect Plaintiff against dangers of which Defendants actually knew or should have known.

24.     Upon information and belief, Defendants' acts and omissions were violations of pertinent codes and the Americans with Disabilities Act and therefore negligence *per se*.

25.     At all times material hereto, Defendants Target and Dayton Hudson were negligent and/or violated the Colorado Premises Liability Act since Defendants Target and Dayton Hudson failed to exercise reasonable care to protect Plaintiff against dangers of which they actually knew or should have known.

## VI.   PLAINTIFF'S DAMAGES

26.     As a direct and proximate result of violations of the Colorado Premises Liability Act and/or the negligence of the Defendants, Plaintiff has suffered physical injury, including, but not limited to severe injury to her left foot and ankle.

27.     As a direct and proximate result of Defendants' negligence and/or violation of the Premises Liability Act, Plaintiff has endured pain and suffering, mental anguish, incurred loss of enjoyment of life, incurred expenses for the services of medical and other healthcare providers, diagnostic testing, and medical supplies; incurred out-of-pocket expenses including mileage and

**EXHIBIT A**

travel expenses; lost wages; incurred a loss of time; physical impairment and/or disfigurement; impairment of earning capacity, past and future, all to her detriment and all as a direct and proximate result of actions or omissions of Defendants.

28.     As a direct and proximate result of Defendants' negligence and/or violation of the Premises Liability Act, Plaintiff has been rendered more vulnerable to subsequent injuries, including but not limited to increased risk of additional or other injury.

WHEREFORE, Plaintiff Jordan A. Leggett requests that judgment be entered in her favor, and against the Defendants, in an amount to compensate her fairly and reasonably for her injuries as set forth above and/or as shown at trial; for court costs; for expert witness fees; for statutory interest from the date this claim accrued or as otherwise permitted under Colorado law; and for such other and further relief as to this Court may seem just and proper.

### JURY DEMAND

Plaintiff requests a jury of six of her peers on all issues so triable.

Dated this 26th day of May 2023.

Respectfully submitted,
LAW OFFICES OF DOMINICK M. SAIA, L.L.C.

*/s/ Dominick M. Saia*
Dominick M. Saia, Esq. #25154

*Original signature on file at the office of Law Offices of Dominick M. Saia. pursuant to C.R.C.P. § 121-1-26(9); filed and served electronically via ICCES.*

Plaintiff's address:
1173 Village Circle
Erie, Colorado 80516

5

**EXHIBIT A**